IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIMOTHY POORE § | |
| § | |
| Vs. § | CIVIL ACTION NO. 2:15-CV-_____ |
| § | |
| HOWARD PAYNE UNIVERSITY § | |
| And LARRY WALLS § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TIMOTHY POORE hereinafter called Plaintiff, complaining of and about HOWARD PAYNE UNIVERSITY and LARRY WALLS, hereinafter called Defendants, and for cause of action show unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, Timothy Poore, is an individual residing in Troy Missouri.

2. Defendant Howard Payne University is a Texas Non-Profit institution of higher education.  It may be served via private process server on its registered agent William N. Ellis at 1000 Fisk Avenue, Brownwood, Texas 76801.

4. Defendant Larry Walls is an individual who may be served wherever he may be found.

**STATEMENT OF JURISDICTION AND VENUE**

5. Jurisdiction and venue are proper in this Court.

6. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that each Defendant is now and was at the time the action was commenced diverse in citizenship from the Plaintiff.  Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7. Furthermore, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events giving rise to these claims occurred within this district.

## FACTS

8. On or about March 28, 2014, Defendant, Larry Walls, presumably while in the course and scope of his employment with Defendant Howard Payne University, was operating a motor vehicle owned by Defendant Payne along the outside lane of U.S. Hwy 59 in Marshall, Texas. Plaintiff was operating a tractor-trailer rig and was also traveling southbound on U.S. Hwy 59 in the inside lane of traffic. Defendant Walls attempted to make a "u-turn" in the middle of U.S. Hwy 59 and in the course of doing so struck Plaintiff's tractor.

## PLAINTIFF'S CLAIM OF
## NEGLIGENT ENTRUSTMENT AGAINST HOWARD PAYNE UNIVERSITY

10. Defendant Howard Payne University entrusted the vehicle to Larry Walls, a reckless and incompetent driver.

11. Defendant Howard Payne knew, or through the exercise of reasonable care should have known, that Larry Walls was a reckless and incompetent driver.

12. As described herein, Walls was negligent on the occasion in question.

13. Walls negligence was the proximate cause of Plaintiff's damages.

## PLAINTIFF'S
## CLAIM OF NEGLIGENCE AGAINST LARRY WALLS

14. Defendant Walls had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Plaintiff's injuries were proximately caused by Defendant Walls negligent, careless and reckless disregard of said duty.

16. The negligent, careless and reckless disregard of duty of Defendant Walls consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Walls failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant Walls failed to yield to Plaintiff as a person of prudent care would have done;

    D. In that Defendant Walls failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

## RESPONDEAT SUPERIOR

17. Defendant Payne is liable for the negligence of Defendant Walls, as alleged above, pursuant to the doctrine of *respondeat superior* because Defendant Walls was acting in the course and scope of his employment with Defendant Walls at the time of the occurrence.

## DAMAGES FOR PLAINTIFF

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Timothy Poore was caused to suffer severe injuries, including the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Lebanon Missouri;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Physical impairment in the past;

    F. Physical impairment which, in all reasonable probability, will be suffered in the future;

  G. Loss of earnings in the past; and

  H. Loss of earning capacity which will, in all probability, be incurred in the future.

## JURY DEMAND

20. Plaintiff hereby demands a jury trial and have tendered the requisite fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

    Josh B. Maness
    P.O. Box 1785
    Marshall, Texas  75671
    Tel. (903) 407-8455
    Fax (877) 320-5751
    Attorney for Plaintiffs


  By: *Josh B. Maness*
    Josh B. Maness
    Texas Bar No. 24046340


**ATTORNEY FOR PLAINTIFF**